United States District Court
Eastern District of Michigan

United States of America,

      Plaintiff,

v.

      Case No. 92-81127
      Honorable David M. Lawson

Stacey Culbert,

      Defendant.

_____

United States' Response to Defendant's Request for Early Termination of Supervised Release
_____

    Stacey Culbert was part of the "Best Friends" network of violent crack cocaine traffickers prosecuted in the 1990s for drug trafficking, engaging in a continuing criminal enterprise to include intentional killing and use of a firearm in furtherance of a controlled substance offense. Culbert was a drug distributor and enforcer for Best Friends. *See* PSR, ¶ 20 (under seal). Culbert's offense conduct is clearly serious. Prior to this case, he had been involved in criminal activity since he was 16 including a federal felony for being a felon in possession of a firearm. *See* PSR, ¶¶ 70-86.

    Culbert pleaded guilty to four counts in the Sixth Superseding Information: intentional killing, aiding and abetting, in violation of 21 U.S.C. § 848(e)(1)(A)

1

(Counts 1, 3); and use or carrying of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2, 4). *See* Sixth Superseding Information, ECF No. 1154, PageID.8764; *see* Rule 11 Plea Agreement, ECF No. 1156, PageID.8830. The Court sentenced Culbert to life on each count, to be served concurrently. *See* Judgment and Commitment Order, ECF No. 1275, Page ID.8825. The judgment further provided that if Culbert were ever released from custody, he should serve a five-year term of supervised release. *Id.,* PageID.8827.

There is no docket entry available for an amended judgment, but it appears that Culbert's sentence was modified in 2006 to 325 months followed by a five-year term of supervised release. The reduction was based on a motion filed by the government pursuant to Federal Rule of Criminal Procedure 35. *See* Culbert's motion for early termination of supervised release. ECF No. 2462, PageID.19511.

Culbert states he was released from custody and began serving his supervised release period in February of 2020; however, BOP's website lists him as being released in February of 2018. He has served either about 16 months or over three years of a five-year term. Now that he has served over one year of supervised release, Culbert filed this motion for early termination of supervised release. Culbert, who has obtained his CDL since being released from custody, would like to re-locate to Georgia to pursue employment. According to the probation department, the District in Georgia where Mr. Culbert would like to

move is averse to supervising a transfer case, so the option of supervision in a new location may be difficult if not possible. However, that is an option for the Court to consider.

The probation department has stated that it has no dispute with Culbert's factual statements in the motion; however, the probation department defers to the Court's determination of whether Culbert should be released from supervision early.

The government does not dispute the efforts Mr. Culbert made while incarcerated to take advantage of education and training programs, nor does the government have any information that he has not complied with his supervision conditions. Notably, a previous AUSA filed a Rule 35 motion on Mr. Culbert's behalf, which substantially reduced his sentence but did not reduce his supervision period.

Section 3583 of Title 18 governs supervised release. Subsection (e)(1) governs Culbert's motion:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-
>
> (1) Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). This determination is in the Court's discretion. *United States v. Marshall,* 954 F.3d 823, 830-31 (6th Cir. 2020).

In this case, the nature and circumstances of the offense are very serious as is Culbert's criminal history. However, he served a long period of incarceration, 325 months, and was involved in education and training offerings while in custody. It may be that a longer supervision period would fulfill the need to be reassured that he will not re-offend and be a danger to the community. Alternatively, if he is able to pursue gainful employment while in another district, perhaps that § 3553(a) factor weighs in his favor. The § 3553(a) factors are a mixed bag here.

After communicating with the probation officer and reviewing and verifying the record, the government does not object to any modification of his supervised release terms so he can pursue employment, nor does the government object to a transfer of supervision. If Mr. Culbert is correct and he has served only 16 months of the supervised release period, he has not established a long track record of compliance, but he has served thus far without incident.

Based on the information available to the government and after considering the § 3553(a) factors, the government likewise leaves it to the Court's discretion to determine, based on Mr. Culbert's conduct, whether it is in the interest of justice to terminate supervision early. 18 U.S.C. § 3583(e)(1).

Respectfully submitted,

Saima S. Mohsin
Acting United States Attorney

*s/ Julie A. Beck*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov

Dated: June 14, 2021

<u>Certificate of Service</u>

I hereby certify that on June 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to ECF participants. I further certify that I mailed the foregoing, using the United States mail, to Stacy Culbert as follows:

Stacey Culbert
12281 Wade
Detroit, MI 48213

*s/ Julie A. Beck*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov